# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

SHANA L. CROWE,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,

    Defendant.

Case No. 2:17-cv-02897-RFB-CWH

**ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff Shana L. Crowe's Motion for Reversal and/or Remand, ECF No. 17, and Defendant Nancy A. Berryhill's Cross-Motion to Affirm, ECF No. 18.

For the reasons discussed below, the Court finds that the ALJ's decision contains legal error and is not supported by substantial evidence. The Court grants Plaintiff's Motion for Remand and denies Defendant's Cross-Motion to Affirm.

## II. BACKGROUND

On February 11, 2014, Plaintiff completed an application for disability insurance benefits and supplemental security income alleging disability since September 2, 2013. AR 101. Plaintiff was denied initially on July 24, 2014 and upon administrative reconsideration on February 19, 2015. AR 101. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and appeared on May 27, 2016. AR 101. At the hearing, Plaintiff amended her alleged onset date of disability to December 1, 2015. AR 101. In an opinion dated July 5, 2016, ALJ Norman L. Bennett

found Plaintiff not disabled. AR 101–09. The Appeals Council denied Plaintiff's request for review on February 27, 2017, rendering the ALJ's decision final. AR 1–4.

The ALJ followed the five-step sequential evaluation process for determining Social Security disability claims set forth at 20 C.F.R. § 404.1520(a) and § 416.920(a). At step one, that ALJ found that Plaintiff has not engaged in substantial gainful activity since December 1, 2015. AR 103. At step two, the ALJ found that Plaintiff has the following severe impairments: mild osteoarthritis of the right knee, insulin dependent diabetes mellitus with neuropathy, degenerative disc disease of the lumbar and cervical spine, hypertension, kidney disease, and bilateral carpal tunnel syndrome. AR 103–04. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment. AR 104.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a range of light work as defined in 20 CFR § 404.1567(b) and § 416.967(b) as follows: she can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for a total of four hours, and sit for a total of six hours, in an eight-hour workday with normal breaks; she can occasionally climb ramps or stairs, but cannot use ladders, ropes or scaffolds; she can occasionally bend, stoop, kneel, crouch or crawl; and she can perform occasional fine manipulation bilaterally. AR 104–06. The ALJ found at step four that Plaintiff was unable to perform any past relevant work. AR 107. At step five, the ALJ found that Plaintiff could perform jobs such as ticket taker (D.O.T. #344.667-010), garment sorter (D.O.T. # 222.687-014), and office helper (D.O.T. #239.567-010). AR 107–08.

### III.  LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more

than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id. When determining assigning weight and resolving conflicts in medical testimony, the 9th Circuit distinguishes the opinions of three types of physicians: (1) treating physicians; (2) examining physicians; (3) neither treating nor examining physicians. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The treating physician's opinion is generally entitled to more weight. Id. The ALJ errs when he fails to explicitly reject a medical opinion, fails to provide specific and legitimate reasons for crediting one medical opinion over another, ignores or rejects an opinion by offering boilerplate language, or assigns too little weight to an opinion without explanation for why another opinion is more persuasive. Garrison, 759 F.3d at 1012–13.

When weighing a claimant's testimony, the ALJ engages in a two-step analysis. Id. at 1014–15. First, the claimant must have presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter, 504 F.3d at 1035–36 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991)). The claimant does not need to produce evidence of the symptoms alleged or their severity, but she must show the impairments could reasonably cause some degree of the symptoms. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). Second, the ALJ weighs the

claimant's testimony regarding the severity of her symptoms. Garrison, 759 F.3d at 1014–15. Unless affirmative evidence supports a finding of malingering, the ALJ may only reject the claimant's testimony by providing "specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). As of March 28, 2016, the Social Security Administration has eliminated the use of the term "credibility" from its policy, as "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p. However, ALJs may continue to consider the consistency of a claimant's statements compared to other statements by the claimant and to the overall evidence of record. Id.

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. §§ 404.1520(a), 416.920(a); Garrison, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step five. At step five, the ALJ determines based on the claimant's RFC whether the claimant can make an adjustment to substantial gainful work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g).

**IV.   DISCUSSION**

    **a. State Agency Physicians' Opinions**

The Court finds that the ALJ erred in according limited weight to the opinions of non-examining State agency physicians Judy Panek, M.D. and Navdeep S. Dhaliwal, M.D. The ALJ assessed these two opinions as follows:

> [T]he opinions of State agency reviewing physicians Dr. Panek and Dr. Dhaliwal at the initial and reconsideration levels (Exhibits 1A, 7A) contain limitations on sitting which are not consistent with evidence received at the hearing level (including updated examination records, imaging, and the claimant's testimony). Limited weight has accordingly been afforded to these opinions.

AR 106. The ALJ provided no other reason for giving these opinions limited weight.

///

"The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998). The ALJ's conclusion must be supported by substantial evidence. See id. at 1245. Dr. Panek and Dr. Dhaliwal both opined that Plaintiff could sit, with normal breaks, for a total of six hours in an eight-hour workday. AR 355, 373. Their findings regarding Plaintiff's limitations on sitting are entirely consistent with the ALJ's RFC finding that Plaintiff can sit for a total of six hours in an eight-hour workday with normal beaks. AR 104. The ALJ erred by affording limited weight to these medical opinions on a basis that does not conflict with the ALJ's ultimate finding nor with the substantial evidence. The ALJ's conclusion to afford these medical opinions limited weight is not supported by any specific evidence in the medical record nor the substantial evidence as a whole.

Defendant argues that the ALJ's mistake appears to be a scrivener's error that is therefore harmless. The Court disagrees, as it is not clear what the ALJ's intended language would have been. The ALJ cannot have intended to afford limited weight to the two opinions on the basis of inconsistent limitations on standing and/or walking, as Dr. Panek's findings as to this limitation were again consistent with the ALJ's RFC. AR 354 (Dr. Panek finding that Plaintiff can stand and/or walk with normal breaks for four hours); AR 104 (ALJ finding the same). The ALJ also cannot have intended to afford limited weight to the two opinions on the basis of other exertional limitations or any postural limitations, as both medical experts' opinions conform with each other's and with the ALJ's RFC as to occasional lifting and carrying (20 pounds), frequent lifting and carrying (10 pounds), climbing ramps/stairs (occasionally), climbing ladders (never), and stooping, kneeling, crouching, and crawling (all occasionally). AR 354–55 (Dr. Panek's findings); AR 373–74 (Dr. Dhaliwal's findings); AR 104 (ALJ's RFC finding).

To the extent the ALJ intended to give limited weight only to Dr. Dhaliwal's opinion on the basis of Dr. Dhaliwal's finding that Plaintiff could stand and/or walk only two hours in an eight-hour workday, the ALJ referenced no specific evidence in the medical record as a basis to reject this opinion. The ALJ adopted the less restrictive limitation on standing and/or walking in the RFC finding, but failed to reconcile this conflict in the medical testimony.

The Court finds that this error is not harmless. According to the testimony of the vocational expert, if Plaintiff is restricted to standing and/or walking only two hours in an eight-hour workday as opined by Dr. Dhaliwal, there is no work in the national economy that Plaintiff can perform. AR 329–30.

### b. Step Five

The Court further finds that the ALJ failed to reconcile inconsistencies between the RFC and the vocational expert's testimony. At the hearing, the ALJ provided a hypothetical consistent with the ALJ's ultimate RFC finding. The ALJ noted that the hypothetical physical demand was light but that the hypothetical was "a little bit different than normal," i.e., that the hypothetical included limitations in excess of the limitations associated with the full range of light work. AR 327; see also 20 C.F.R. §§ 404.1567(b), 416.967(b). Based on the hypothetical, the vocational expert testified that an individual with the limitations described could perform jobs such as ticket taker (D.O.T. #344.667-010), garment sorter (D.O.T. #222.687-014), and office helper (D.O.T. #239.567-010). AR 328–29. The ALJ asked the vocational expert if the testimony was outside the Dictionary of Occupational Titles ("D.O.T.") or consistent with it. AR 329. The vocational expert responded that his testimony with regard to understanding the jobs and how they are performed was inconsistent with the D.O.T., but that the job titles were consistent with the D.O.T. AR 329. The ALJ did not ask any follow-up questions regarding the inconsistencies. AR 329.

The ALJ has a responsibility to ask the vocational expert about any possible conflict between the testimony and the D.O.T., and to obtain a reasonable explanation for any apparent conflict. Massachi v. Astrue, 486 F.3d 1149, 1152–53 (9th Cir. 2007). Where a conflict has been identified, "the adjudicator must resolve this conflict before relying [on the vocational expert's testimony] to support a determination or decision that the individual is or is not disabled." SSR 00-4p. The ALJ "must . . . [e]xplain in the determination or decision how any conflict that has been identified was resolved." Id. Where an ALJ fails to resolve an inconsistency, the resultant "gap in the record" can preclude a court from determining whether the decision is supported by substantial evidence. Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015).

/ / /

In the ALJ's written decision, the ALJ erroneously stated that "the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." AR 107. It is not. Light work "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10. According to the hypothetical offered at the hearing and the ultimate RFC finding, Plaintiff is limited to standing or walking for four hours in an eight-hour workday. AR 104, 327. The three jobs identified by the vocational expert, which the ALJ found that Plaintiff could perform, all constitute standard "light" work. D.O.T. #344.667-010; #222.687-014; #239.567-010. Because Plaintiff's limitations restrict Plaintiff to less than the full range of light work, the ALJ was required to resolve this conflict before relying on the vocational expert's testimony. The ALJ failed to follow up with the vocational expert regarding which elements of his testimony were inconsistent with the D.O.T. and how the inconsistencies could be reconciled.

This is not a case where "based on common experience, it is 'unlikely and unforeseeable'" that the jobs identified would require more than Plaintiff's RFC permits. Lamear v. Berryhill, 865 F.3d 1201, 1205 (9th Cir. 2017) (quoting Gutierrez v. Colvin, 844 F.3d 804, 808–09 & 809 n.2 (9th Cir. 2016)). A ticket taker performs tasks such as directing patrons to their seats, D.O.T. #344.667-010, which is unlikely to occur while seated; moreover, based on common experience, ticket takers at entertainment events are often standing rather than seated while collecting tickets. A garment sorter may sort, iron, and fold garments and then package them into boxes and bags, D.O.T. #222.687-014, tasks which based on common experience likely require one to be regularly on-and-off one's feet. An office helper "[m]ay specialize in delivering mail, messages, documents, and packages between departments of establishment and be designated Messenger" and "[m]ay deliver stock certificates and bonds within and between stock brokerage offices and be designated Runner," D.O.T. #239.567-010, tasks which plainly cannot be performed in a seated position. It is therefore both possible and foreseeable that the identified jobs would not permit an employee to perform the work in a seated position for half of the workday at a minimum, as Plaintiff's RFC requires.

/ / /

Defendants argue that, based on recent Ninth Circuit case <u>Shaibi v. Berryhill</u>, Plaintiff has waived this Step Five challenge because the argument was not raised with this degree of specificity before the Appeals Council. 883 F.3d 1102, 1108–09 (9th Cir. 2017). But the Supreme Court has specifically held that Social Security claimants need not exhaust issues before the Appeals Council in order to preserve them. <u>Sims v. Apfel</u>, 530 U.S. 103, 112 (2000) (plurality). The Court interprets the degree of specificity required by <u>Shaibi</u> to be limited solely to when a claimant must challenge the evidentiary basis of a vocational expert's job numbers:

> To this point, however, we have issued no precedential opinion concerning *when* a Social Security claimant must, absent a showing of good cause, challenge the evidentiary basis of a vocational expert's job numbers to preserve the issue for litigation in the district court. We now hold that when a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel. Specifically, our holding encompasses challenges based on an alleged conflict with alternative job numbers gleaned from the CBP or the OOH.

<u>Shaibi</u>, 888 F.3d at 1108–09. The Court's language in <u>Shaibi</u> is singularly focused on the particular "familiar and recurring" argument at hand. <u>Id.</u> at 1108. Furthermore, the <u>Shaibi</u> Court emphasizes the fact that an ALJ has no *sua sponte* responsibility to take administrative notice of economic data. <u>Id.</u> at 1109. This analysis is inapposite to the instant issue because an ALJ has an affirmative responsibility to investigate discrepancies between a vocational expert's testimony and the D.O.T. at the hearing. SSR 00-4p. The Court finds that <u>Sims</u> governs the current case and that preservation of the instant argument before the Appeals Council was not required. However, the Court finds that even if exhaustion were required, Plaintiff raised arguments before the Appeals Council regarding alleged discrepancies between the vocational expert's testimony and the D.O.T., specifically that the ticket taker and office helper occupations require fine manipulation in excess of Plaintiff's RFC. Therefore, Defendant has been on notice of potential discrepancies with the D.O.T. The Court finds that, to the extent any preservation of arguments is legally necessary in the Social Security disability context, Plaintiff's Appeals Council arguments sufficiently preserve the instant issue.

/ / /

The Court finds that this error is not harmless. Because the ALJ neither sought nor provided a reasonable explanation for this conflict, there is no substantial evidence in the record supporting the ALJ's step-five finding that Plaintiff could perform other work.

### c. Plaintiff's Reported Symptoms

Lastly, the Court finds that the ALJ's basis for determining that Plaintiff's statements regarding her symptoms were inconsistent with the record was based on legal error and not supported by substantial evidence. The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 105.

As the ALJ did not find evidence of malingering, the ALJ may only reject Plaintiff's testimony regarding the severity of her symptoms with ***specific, clear, and convincing reasons***. Garrison, 759 F.3d at 1014–15. "The clear and convincing standard is the most demanding required in Social Security cases." Id. at 1015 (quoting Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)). The ALJ must identify with specificity "what evidence undermines the claimant's complaints." Lester, 81 F.3d at 834.

The ALJ provided two reasons for finding that Plaintiff's symptom reports were inconsistent with the record. First, the ALJ stated generally that the medical evidence of record did not support consistent work-related functional limitations to the degree alleged by Plaintiff. AR 106. This reason is not specific. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) ("[A] reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain."). It is also insufficient, as an ALJ "may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." Id. at 346–47 (9th Cir. 1991).

Second, the ALJ noted that Plaintiff's pain treatment has been "limited to conservative modalities," "with no recommendation for surgical intervention." AR 106. The conservative nature of a claimant's treatment can facilitate the "permissible inference" of lesser symptomology

where a claimant has "responded favorably to conservative treatment" or failed to "seek an alternative" treatment. See Tommasetti v. Astrue, 533 F.3d 1035, 1039–40 (9th Cir. 2008). But the conservative nature of a treatment plan cannot be held against a claimant "where there is no evidence that the conservative treatment was effective." Garrison, 759 F.3d at 1015. Similarly, "[a] claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist." Lapeirre-Gutt v. Astrue, 382 F. App'x 662, 664 (9th Cir. 2010) (unpublished). "Any evaluation of the aggressiveness of a treatment regimen must take into account the condition being treated," and what treatment options are available for that condition. Revels v. Berryhill, 874 F.3d 648, 667 (9th Cir. 2017). In this case, Plaintiff takes Neurontin and Oxycodone and reports that they are only minimally-to-somewhat effective in helping her pain. AR 945. She received aspiration injections in 2014 and 2015 and reported no sustained decrease in her pain. AR 1015–17, 1020. She testified that after the injections did not work, her treating physician "didn't know what else to try." AR 324. Plaintiff's testimony regarding her treatment history is consistent with the record. The ALJ provided no explanation as to why he deemed this treatment conservative for pain. No evidence in the record suggests that surgical intervention would be appropriate, recommended, or effective if only Plaintiff's pain were more severe. Substantial evidence does not support a finding that the treatment was effective or that other treatment options were made available to Plaintiff.

The Court finds that this error is not harmless. Plaintiff testified at length about the severity of her pain and its impact on her ability to function, AR 315–25, which if fully considered would have impacted the ALJ's analysis of Plaintiff's RFC.

### d. Award of Benefits

The Ninth Circuit has established that where no outstanding issues need be resolved, and where the ALJ would be required to award benefits on the basis of the record if the claimant's testimony were credited, the Court will take the claimant's testimony as true and remand for an award of benefits. Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1401 (9th Cir. 1988). The Circuit has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;
> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and
> (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020 (9th Cir. 2014).

The Court finds that the record has been fully developed and further administrative proceedings would serve no useful purpose. The Court further finds that, for the reasons stated earlier in this order, the ALJ has failed to provide legally sufficient reasons for giving limited weight to the state agency physicians' opinions and for rejecting Plaintiff's testimony.

Lastly, the Court finds that if the improperly discredited evidence were credited as true, Plaintiff would be necessarily found disabled on remand. Dr. Panek found on July 23, 2014 that Plaintiff could stand and/or walk for four hours in a workday. AR 354, 357. Dr. Dhaliwal found on February 15, 2015 that Plaintiff could stand and/or walk for only two hours in a workday. AR 372, 376. Plaintiff's alleged onset date is December 1, 2015. AR 101. The Court finds that the discredited opinions are consistent with the substantial evidence and with Plaintiff's testimony, both of which document a worsening of Plaintiff's symptoms over time. By the hearing date—July 5, 2016—Plaintiff testified that she could not stand for long enough to vacuum or mop. AR 325. In this case, the vocational expert testified that if Plaintiff is restricted to standing and/or walking only two hours in an eight-hour workday, there is no work in the national economy that Plaintiff can perform. AR 329–30. The Court finds, therefore, that Plaintiff's limitations as supported by substantial evidence preclude all work.

### V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reversal and/or Remand (ECF No. 17) is GRANTED and Defendant's Cross-Motion to Affirm (ECF No. 18) is DENIED.

**IT IS FURTHER ORDERED** that this matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for an award of benefits with an onset date of December 1, 2015.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Plaintiff, and against Defendant. The Clerk of Court is instructed to close the case.

**DATED** this 24th day of July, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**