UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHANA L. CROWE<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, et al.,<br><br>  Defendants. | Case No. 2:17-cv-02897-RFB-CWH<br><br>**ORDER** |

**INTRODUCTION**

Before the Court are three motions: Defendant Nancy A. Berryhill's Motion to Alter or Amend Judgment (ECF No. 22), Plaintiff's Motion for Order to Show Cause (ECF No. 28), and Plaintiff's Motion for Status of the Case (ECF No. 33). For the reasons stated below, Defendant's Motion to Alter or Amend Judgment is denied and Plaintiff's Motion for Order to Show Cause is granted.

**I.   BACKGROUND**

The Court incorporates by reference the facts and procedural history as iterated in its July 24, 2019 Order (ECF No. 20) and emphasizes the following:

On February 11, 2014, Plaintiff completed an application for disability insurance benefits and supplemental security income alleging disability since September 2, 2013. AR 101. Plaintiff was denied initially on July 24, 2014 and upon administrative reconsideration on February 19, 2015. AR 101. After a hearing, where Plaintiff amended her alleged onset date to December 1, 2015, ALJ Norman L. Bennett issued a decision on July 5, 2016 finding Plaintiff was not disabled.

AR 101–09. The Appeals Council denied Plaintiff's request for review on February 27, 2017, rendering the ALJ's decision final. AR 1–4. The ALJ found that "Plaintiff has not engaged in substantial gainful activity since December 1, 2015" and that she had severe impairments that nevertheless did not "meet or medically equal a listed impairment." AR 103–04. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work outlined in 20 C.F.R. § 404.1520(a) and § 416.920(a), and that while Plaintiff would not be able to perform any past relevant work, the ALJ concluded that she could perform the work of a ticket taker, garment sorter, and office helper. AR 107–08.

The Court adds the following background information:

On November 17, 2017, Plaintiff commenced this case by filing an application to proceed in forma pauperis to which she attached a Complaint. ECF Nos. 1, 1-1. The Court approved Plaintiff's Application and filed the Complaint to the docket. ECF Nos. 3, 4. On May 23, 2018, Defendant filed an Answer. ECF No. 10. On July 24, 2018, Plaintiff filed a Motion to Remand to the Social Security Administration. ECF No. 17. On August 23, 2018, Defendant filed a Countermotion to affirm the Agency's Decision. ECF No. 18.

On July 24, 2019, the Court issued an Order granting Plaintiff's Motion to Remand and denying Defendant's Countermotion to Affirm. ECF No. 20. The same day, the Clerk of Court issued an Order of Judgment and closed the case. ECF No. 21.

In its Order, the Court first found that the ALJ erred in according limited weight to the opinions of non-examining State agency physicians Judy Panek, M.D. and Navdeep S. Dhaliwal, M.D. Specifically, the medical opinions of Dr. Panek and Dr. Dhaliwal were "entirely consistent" with the ALJ's residual functional capacity ("RFC"). ECF No. 20 at 5. To the degree the ALJ discredited Dr. Dhaliwal's opinion based on Dr. Dhaliwal's finding that Plaintiff could stand and/or walk only two hours in an eight-hour workday, the Court held that "the ALJ referenced no specific evidence in the medical record as a basis to reject this opinion . . . . The ALJ adopted the less restrictive limitation on standing and/or walking in the RFC finding but failed to reconcile this conflict in the medical testimony." Id. at 5-6.

The Court next found that the ALJ violated his responsibility to ask the vocation expert at

the hearing about any conflict between the expert's testimony and the Directory of Occupational Titles ("D.O.T.") and to obtain a reasonable explanation for any apparent conflict. Id. at 6.  Instead, "[i]n the ALJ's written decision, the ALJ erroneously stated that 'the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.'" Since it was "both possible and foreseeable that the identified jobs would not permit an employee to perform the work in a seated position for half of the workday at a minimum, as Plaintiff's RFC requires[,]" and "Plaintiff's limitations restrict Plaintiff to less than the full range of light work," the Court found that the ALJ "failed to follow up with the vocational expert regarding which elements of his testimony were inconsistent with the D.O.T. and how the inconsistencies could be reconciled." Id. at 7.  The Court held that under Sims v. Apfel, 530 U.S. 103, 112 (2000) (plurality), Plaintiff had not waived this argument because she did not have to exhaust issues before the Appeals Council to preserve them; furthermore, Plaintiff raised arguments before the Appeals Council regarding alleged discrepancies between the D.O.R. and the vocational expert's testimony. Id. at 8.

Finally, the Court held that the ALJ did not sufficiently substantiate his conclusion that Plaintiff's symptom reports were inconsistent with the record. Id. at 9. The ALJ held that Plaintiff's functional limitations went beyond that which the medical evidence could support, and that Plaintiff's pain treatment was "limited to conservative modalities" "with no recommendation for surgical intervention." Id. (citing to AR106). The Court found that the ALJ's analysis did not contain specific, clear, and convincing reasons for rejecting Plaintiff's testimony regarding the severity of her symptoms; the ALJ "stated generally that the medical evidence of record did not support consistent work-related functional limitations to the degree alleged by Plaintiff" and improperly used evidence of a conservative treatment plan as "evidence of lesser symptomology" even though Plaintiff had not responded favorably to the conservative treatment. Id. The Court found that these errors were not harmless. Id. at 10. Finally, the Court applied the three-part test enshrined in Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) and held that "the record [had] been fully developed and further administrative proceedings would serve no useful purpose." Id. at 11. The Court "remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social

Security, for an award of benefits with an onset date of December 1, 2015." Id.

On August 21, 2019, Defendant filed a Motion Objecting to the Report and Recommendation of the Magistrate Judge, which was later corrected to be a Motion to Alter or Amend Judgment. ECF No. 22. The Court construes the motion to be a Motion for Reconsideration of the Court's July 24, 2019 Order. On March 31, 2022, Plaintiff filed a Motion for an Order to show cause why the Commission had not complied with the Judgment of the Court. ECF No. 28. On April 15, 2022, the Motion was fully briefed. ECF Nos. 29, 30. On February 2, 2023, Plaintiff filed a Motion for Status Update. ECF No. 33. On March 31, Plaintiff filed a Notice of New Authority. ECF No. 35. This Order follows.

## II.   LEGAL STANDARD

### a.   Motion for Reconsideration

A motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within 28 days of entry of judgment. "Otherwise it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892 (9th Cir. 2001); Herron v. Wells Fargo Fin. Inc., 299 Fed. App'x 713 (9th Cir. 2008).

The "four basic grounds upon which a Rule 59(e) motion may be granted [are]: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted)).

"Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). Generally, "a motion for reconsideration should not be granted, absent highly unusual circumstances . . . ." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d

873, 880 (9th Cir. 2009) (internal quotation and citation omitted).

A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal quotation and citation omitted). Moreover, "[m]otions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1.

### III. DISCUSSION

#### A. Defendant's Motion for Reconsideration and Plaintiff's Order to Show Cause

Defendant seeks that the Court amend its July 24, 2019 Order to remand for further proceedings, not for immediate payment of benefits. Specifically, Defendant argues that there are manifest errors of law or fact in the Court's July 24, 2019 Order. For the reasons stated below, the Court denies Defendant's motion for reconsideration.

First, Defendant argues that the Court did not apply the "ordinary remand rule" i.e. remanding for "further proceedings" after finding reversible error. Defendant argues that pursuant to Ninth Circuit precedent, a remand for further proceedings is required here, as the record contains no medical evidence that Plaintiff is conclusively disabled, and a Court cannot find disability based on subjective testimony alone. Defendant further argues that even if the Court credits Dr. Dhaliwal's opinion as true, the opinion alone, the most restrictive medical opinion in the record, does not establish disability. No medical source opined that Plaintiff experienced disabling symptoms and, at the very least, additional vocational evidence is required to determine whether Plaintiff could perform jobs that existed in significant numbers in the national economy.

Second, Defendant argues that the vocational expert did not opine that there were no jobs Plaintiff could perform if she was restricted to working only two hours on her feet; moreover, the Grids show that Plaintiff is not disabled, largely because of her young age, and an ALJ is not allowed to avoid applying a Grid Rule that is determinative.

5

1   Defendant urges the Court to remand the case to the ALJ so that he may consider the
2   vocational effect of medical opinions on Plaintiff's ability to work.

3   Plaintiff did not respond to the Motion, and instead filed an Order to Show Cause why
4   Defendant had not complied with the judgment of this Court. ECF No. 28. Plaintiff argues that
5   while the Motion for Reconsideration was pending, Defendant was required to comply with the
6   Court's judgment; Defendant did not seek a stay. Furthermore, Defendant did not seek resolution
7   of the motion, and under Local Rule 41-1, the Court, in its discretion, can dismiss the Rule 59(e)
8   motion for want of prosecution. Defendant counters that Plaintiff did not oppose Defendant's
9   Motion for Reconsideration, and that because the Motion was timely, it suspended the finality of
10  the judgment of the Court in the July 24, 2019 Order. Plaintiff replies that Defendant fails to
11  substantiate the proposition that a Rule 59(e) motion stays judgment for any purpose except appeal;
12  therefore, by failing to request a stay, Defendant was required to provide Plaintiff with benefits or
13  interim benefits. This Defendant did not do. Furthermore, Defendant failed to notify the Court that
14  its Motion for Reconsideration was pending for 34 months.

15  The Court first notes that Defendants erroneously filed their pending Motion as an
16  Objection of the Magistrate Judge's Order, and the case had been closed due to the Court's July
17  24, 2019 Order. Additionally, the Magistrate Judge assigned to the matter retired during the 28-
18  day period between the filing of the Court's Order and the filing of Defendant's Motion. The
19  parties reached out to the Court only in 2023 to notify the Court of the pending Motion.

20  The Court does not find that reconsideration of its prior order is warranted in this case.
21  Furthermore, Defendant has the burden of showing why reconsideration, which is "disfavored,"
22  should be granted here; it has not carried its burden. See LR 59-1.

23  First, the Court applied binding Ninth Circuit precedent to assess what the ALJ should do
24  on remand; pursuant to Garrison, the Court ordered the ALJ to award benefits on remand, finding
25  that there were no pending relevant factual disputes requiring adjudication. Defendant argues that
26  even under Garrison, the Court must remand for further administrative proceedings because there
27  is serious doubt as to disability on the record. The Court disagrees.

28  Second, although the ALJ is not allowed to "avoid" a Grid Rule that is determinative, a

6

review of the administrative record shows that the Grid Rule was not at issue during the administrative proceedings. The Court may not affirm the ALJ on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10.[1]

The Court now turns to Plaintiff's Motion for an Order to Show Cause. Defendant is correct that a Rule 59(e) motion eliminates the finality of the earlier judgment for the purposes of appeal. Banister v. Davis, 140 S. Ct. 1698, 1704 (2020). However, Rule 59(e) motions do not stay the judgment. 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2903 (3d ed.) ("A posttrial motion, seeking a new trial or some similar kind of relief, does not stay the judgment."). Rather, "if a posttrial motion is made, the Court 'is given discretion in Rule 62(b) to stay execution or enforcement of the judgment pending disposition of the motion.'" Id. While no bond, obligation, or security is required to stay the enforcement of a judgment pending a motion by the United States, the decision to grant a stay on the judgment under Rule 62 remains within the discretion of the Court. See Fed. R. Civ. P. 62(e). To date, Defendant has not filed a Rule 62 motion for a stay on the judgment. Therefore, the judgment went into effect upon the expiration of the 30-day automatic stay. Accordingly, the Court grants Plaintiff's Motion for an Order to Show Cause.[2]

///
///
///

---

[1] The Court declines to dismiss Defendant's motion for reconsideration for want of prosecution. The Court agrees with Defendant that they have taken the necessary steps under the Local Rules required for the disposition of its motion.

[2] A district court retains continuing jurisdiction to enforce its own orders even after the case is closed. Hook v. State of Ariz., Dep't of Corr., 972 F.2d 1012 (9th Cir. 1992) (district court had jurisdiction to enforce consent decree that had been issued in case that was closed nine years prior).

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration (ECF No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order to Show Cause (ECF No. 28) is **GRANTED.** Defendant must show cause in writing by **February 29, 2024** to show cause why the Commissioner has not complied with the order of the Court. This order to show cause will be deemed automatically discharged if Defendants comply with the final judgment of this Court by **February 29, 2024.** Failure to comply with this order may result in the imposition of sanctions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Status of Case (ECF No. 33) is **DENIED** as moot.

DATED: <u>January 19, 2024</u>

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**